1
2
3
4
5
6
7
8          UNITED STATES DISTRICT COURT

9        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   DAMMION MYLES, *an individual, on*                 No.  1:21-cv-01309-DAD-BAK
     *behalf of himself and on behalf of all*
12   *persons similarly situated*,

13                    Plaintiff,                         ORDER GRANTING DEFENDANTS'
                                                         MOTION FOR JUDGMENT ON THE
14          v.                                           PLEADINGS

15   BUILDERS CONCRETE, INC., et al.,                    (Doc. No. 11)

16                    Defendants.

17

18          This matter is before the court on the motion for judgment on the pleadings filed on behalf

19   of defendants Builders Concrete, Inc. ("Builders"), Concrete Holding Company of California,

20   Inc. ("CHC"), Viking Ready Mix Co., Inc. ("Viking"), and National Ready Mixed Concrete Co.

21   ("NRMC") on November 17, 2021.  (Doc. No. 11.)  Pursuant to General Order No. 617

22   addressing the public health emergency posed by the COVID-19 pandemic, the motions were

23   taken under submission on the papers.  (Doc. No. 13.)  For the reasons explained below, the court

24   will grant defendants' motion for judgment on the pleadings.

25                                    **BACKGROUND**

26          Plaintiff Dammion Myles originally filed a class action complaint in Kern County

27   Superior Court on October 9, 2020, alleging various violations of California's Labor Code and

28   Unfair Competition Law (UCL).  (Doc. No. 1 at 13–53.)  On July 28, 2021, plaintiff amended his

complaint in state court, adding two claims arising under the federal Fair Credit Reporting Act (FCRA).  (*Id.* at 55–103.)  Within 30 days of plaintiff's amendment, defendants filed answers to the first amended complaint (FAC) in state court and then filed a notice of removal in this federal court.  (*Id.* at 3.)  In plaintiff's operative FAC, he alleges the following.

Defendants are "ready mixed concrete supplier[s]" serving the Southern California market.  (Doc. No. 11 at 12–60 (the FAC), at ¶ 6.)  Plaintiff alleges he was employed by all defendants as an hourly non-exempt employee for approximately two months, from November 2019 until January 10, 2020.  (*Id.* at ¶¶ 5, 7.)  Specifically, plaintiff alleges that defendants Builders, CHC, Viking, and NRMC "were joint employers," "[a]s evidenced by [plaintiff's] paychecks and company documents."  (*Id.* at ¶ 5.)  Plaintiff also alleges that there "existed a unity of interest and ownership between the[] Defendants such that any individuality and separateness between the entities cease[d]" and therefore defendants Builders, CHC, Viking, and NRMC are "alter egos of each other."  (*Id.*)  After alleging that all defendants are alter egos, plaintiff avers that "[a]dherence to the fiction of the separate existence of (sic) would permit an abuse of the corporative privilege, and would promote injustice by protecting . . . [defendants] from liability for the wrongful acts committed by them."  (*Id.*)  Plaintiff does not allege any other facts regarding defendants' purported alter ego liability or joint employer relationship, except that each defendant is according to plaintiff a California corporation doing business in California.  (*Id.* at ¶¶ 1–4.)  Plaintiff also defines all four defendants as a singular "defendant" in the FAC, (*id.* at ¶ 5), and all of plaintiff's subsequent allegations use the word "defendant" without any differentiation among defendants Builders, CHC, Viking, or NRMC.  (*See, e.g.*, *id.* at ¶ 6.)

Approximately three months after the removal of the action to this federal court, on November 17, 2021, defendants filed a motion for judgment on the pleadings contending that no relief can be granted as to any of plaintiff's causes of action against defendants Viking, CHC, and NRMC because the FAC fails to adequately allege that those entities are joint employers or alter egos of defendant Builders, plaintiff's actual purported employer.  (Doc. No. 11.)  Plaintiff filed an opposition to the pending motion, arguing that (i) the joint employer and alter ego allegations in the FAC are sufficient; (ii) defendants cannot attack a portion of a cause of action; and (iii)

group allegations regarding all four defendants are permitted.  (Doc. No. 14.)  Defendants filed a reply to plaintiff's opposition.  (Doc. No. 15.)

## LEGAL STANDARD

Federal Rule of Civil Procedure 12(c) provides that:  "After the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings."  A motion for judgment on the pleadings "challenges the legal sufficiency of the opposing party's pleadings[.]" *Morgan v. County of Yolo*, 436 F. Supp. 2d 1152, 1154–55 (E.D. Cal. 2006), *aff'd*, 277 F. App'x 734 (9th Cir. 2008).  In reviewing a motion brought under Rule 12(c), the court "must accept all factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party."  *Fleming v. Pickard*, 581 F.3d 922, 925 (9th Cir. 2009).

The same legal standard applicable to a Rule 12(b)(6) motion applies to a motion brought under Rule 12(c).  *See Dworkin v. Hustler Magazine, Inc.*, 867 F.2d 1188, 1192 (9th Cir. 1989).  Accordingly, "judgment on the pleadings is properly granted when, taking all the allegations in the non-moving party's pleadings as true, the moving party is entitled to judgment as a matter of law."  *Marshall Naify Revocable Trust v. United States*, 672 F.3d 620, 623 (9th Cir. 2012) (quoting *Fajardo v. County of Los Angeles*, 179 F.3d 698, 699 (9th Cir. 1999)); *see also Fleming*, 581 F.3d at 925 (stating that "judgment on the pleadings is properly granted when there is no issue of material fact in dispute, and the moving party is entitled to judgment as a matter of law").  The allegations of the complaint must be accepted as true, while any allegations made by the moving party that contradict the allegations of the complaint are assumed to be false.  *See MacDonald v. Grace Church Seattle*, 457 F.3d 1079, 1081 (9th Cir. 2006).  The facts are viewed in the light most favorable to the non-moving party and all reasonable inferences are drawn in favor of that party.  *See Living Designs, Inc. v. E.I. DuPont de Nemours & Co.*, 431 F.3d 353, 360 (9th Cir. 2005).

## ANALYSIS

### A.    Failure to Allege Joint Employer Liability

Whether the FAC sufficiently alleges that defendants are joint employers implicates state law as to plaintiff's California Labor Code claims and federal law as to plaintiff's FCRA claim.

1        To be held liable for any violations under the California Labor Code, defendants must be

2 plaintiff's employer.[1]  *Lesnik v. Eisenmann SE*, 374 F. Supp. 3d 923, 947 (N.D. Cal. 2019).

3 "California courts rely on the definitions provided in California's Industrial Welfare

4 Commission's ('IWC') wage orders in determining whether an employment relationship exists."

5 *Rodriguez v. SGLC, Inc.*, No. 2:08-cv-01971-MCE-KJN, 2012 WL 5704403, at *12 (E.D. Cal.

6 Nov. 15, 2012).  Under the IWC's wage orders, "[t]o employ . . . has three alternative definitions.

7 It means:  (a) to exercise control over wages, hours or working conditions, *or* (b) to suffer or

8 permit to work, *or* (c) to engage, thereby creating a common law employment relationship."

9 *Martinez v. Combs*, 49 Cal. 4th 35, 64 (2010).

10        Because the FCRA does not provide a definition of "employer," the court will rely on the

11 definition provided by the Fair Labor Standards Act (FLSA).  *See Berrellez v. Pontoon Sols., Inc.*,

12 No. 2:15-cv-01898-CAS-FFM, 2016 WL 5947221, at *8 (C.D. Cal. Oct. 13, 2016), *aff'd*, 775 F.

13 App'x 357 (9th Cir. 2019).  To determine whether a joint employer relationship exists under the

14 FLSA, courts in the Ninth Circuit use a four-part "economic reality" test that evaluates whether

15 an entity:  "(1) had the power to hire and fire the employees, (2) supervised and controlled

16 employee work schedules or conditions of employment, (3) determined the rate and method of

17 payment, and (4) maintained employment records."  *Lesnik*, 374 F. Supp. 3d at 942 (quoting

18 *Bonnette v. Cal. Health & Welfare Agency*, 704 F.2d 1465, 1470 (9th Cir. 1983), *abrogated on*

19 *other grounds by Garcia v. San Antonio Metro. Transit Auth.*, 469 U.S. 528 (1985)).

20        "While [the] plaintiff is not required to conclusively establish that defendants were her

21 joint employers at the pleading stage, [the] plaintiff must at least allege *some* facts in support of

22 this legal conclusion."  *Haralson v. United Airlines, Inc.*, 224 F. Supp. 3d 928, 939 (N.D. Cal.

23 2016); *Lesnik*, 374 F. Supp. 3d at 942 (same under federal law); *see also Perez v. DNC Parks &*

24 *Resorts at Asilomar, Inc.*, No. 1:19-cv-00484-DAD-SAB, 2019 WL 5618169, at *7 (E.D. Cal.

25 Oct. 31, 2019) ("To make a plausible joint employer claim, plaintiff must allege some specific

26

27 [1]  Plaintiff's UCL claim is derivative of his asserted violations of California's Labor Code.  (*See* FAC at ¶¶ 66, 70.)  Thus, if plaintiff's claims for violations of California's Labor Code fail because defendants CHC, Viking, and NRMC are not plaintiff's joint employers with defendant

28 Builders, then plaintiff's UCL claim will fail too.

facts such as whether defendant pays the employee's salary and taxes, owns the equipment necessary for the employee to perform his job, has authority to hire, train, fire, or discipline the employee, or has discretion to set the employee's salary.") (internal quotations omitted).

In their pending motion, defendants contend that plaintiff's FAC fails to allege any facts suggesting that all the defendants in question are joint employers of plaintiff, and that a mere reference to "as evidenced by [plaintiff's] paychecks and company documents" is an insufficient basis upon which to claim otherwise.  (*Id.* at 8) (citing *Sandoval v. Ali*, 34 F. Supp. 3d 1031, 1040–41 (N.D. Cal. 2014)).

In opposition, plaintiff argues that the following allegations adequately allege a joint employer relationship between the defendants at issue:  (i) defendants all operated in California (FAC at ¶¶ 1–4); (ii) defendants shared a "unity of interest" (*id.* at ¶ 5); (iii) defendants were "alter egos of each other" such that "adherence to the fiction of the separate existence of (sic) would permit an abuse of the corporative privilege" (*id.*); (iv) defendants were in the same line of work ("ready mix concrete supplier") (*id.* at ¶ 6); (v) joint employment is "evidenced by [plaintiff's] paychecks and company documents" (*id.* at ¶ 5); (vi) defendants "required [plaintiff] and [putative class members] to work without paying them for all the time they were under [defendants'] control" (*id.* at ¶ 22).  (Doc. No. 14 at 16) (citing *Haralson*, 224 F. Supp. 3d at 939).

In reply, defendants argue that that plaintiff misconstrues the federal pleading standard in the context of pleading a joint employer relationship and that the court is not required to accept as true legal conclusions that are cast in the form of factual allegations, as plaintiff does here.  (Doc. No. 15 at 5.)

The court finds that plaintiff has not alleged sufficient facts supporting his alleged legal conclusion that all four defendants were his joint employers.  Plaintiff does not allege any facts regarding the relationship between himself and defendants Builders, CHC, Viking, and NRMC, or how each of these different entities, for instance, exercised control over his wages, hours, or working conditions.  *See Martinez*, 49 Cal. 4th at 64.  Nor has plaintiff alleged facts satisfying one of the other alternative definitions of employment under *Martinez*—i.e., some facts

1    suggesting plaintiff suffered or was permitted to work vis-à-vis each defendant, or that plaintiff

2    was engaged in work by each defendant.  *See id.*  Likewise, plaintiff's FAC does not allege any

3    other facts, or even legal conclusions, supporting a showing with respect to any of the four factors

4    enumerated in the Ninth Circuit's economic realities test.  *See Lesnik*, 374 F. Supp. 3d at 942.

5           In fact, the allegations of plaintiff's FAC regarding the four defendants "are entirely

6    undifferentiated."  *Terrell v. Samuel, Son & Co. (USA)*, No. 5:20-cv-00587-JGB-KK, 2020 WL

7    5372107, at *3 (C.D. Cal. Apr. 23, 2020); *see also Johnson v. Serenity Transportation, Inc.*, 141

8    F. Supp. 3d 974, 990 (N.D. Cal. 2015) ("[A] plaintiff seeking to hold multiple entities liable as

9    joint employers must plead specific facts that explain how the defendants are related and how the

10   conduct underlying the claims is attributable to each defendant.").  Here, all four entities are

11   merely referred to by plaintiff as one "defendant" throughout the entirety of the FAC and there is

12   no attempt to allege specific facts stating how each of the four defendants employed plaintiff.

13   (FAC at ¶ 5.)  The allegations of the FAC that plaintiff highlighted in his opposition to the

14   pending motion are almost all legal conclusions, which the court is not required to accept as true.

15   *See In re Gilead Scis. Sec. Litig.*, 536 F.3d 1049, 1057 (9th Cir. 2008).  The only supporting *facts*

16   that plaintiff highlights are that defendants are all in the same line of business, operate in

17   California, and that the supposed joint employer relationship is "evidenced by [plaintiff's]

18   paychecks and company documents."  (FAC at ¶ 5.)  But plaintiff does not allege in what way

19   those paychecks and company documents make it plausible that defendants are all joint

20   employers, or how merely operating in California in the same line of business makes it plausible

21   that the four defendants are joint employers.  Absent some further allegations, there is no

22   inference to be drawn from the allegations supporting plaintiff's legal conclusion.  Courts

23   confronted with similarly conclusory allegations of a joint employer relationship between

24   defendant entities that are devoid of supporting facts have found such allegations to be

25   insufficient.  *See, e.g.*, *Haralson*, 224 F. Supp. 3d at 939–40 (finding the lone allegation that

26   "Plaintiff was supervised and/or managed by United employees" insufficient to assert that United

27   had a joint employer relationship over plaintiff who was an employee of aircraft cleaning

28   service); *Lesnik*, 374 F. Supp. 3d at 947–50 (finding allegations that a defendant entity had

1  influence over plaintiff's wages through contracts with plaintiff's direct employer to be an

2  insufficient basis upon which to assert a joint employer relationship); *Perez*, 2019 WL 5618169,

3  at *7 (finding that where the plaintiff made only "conclusory allegation[s] that all seven

4  defendants are his joint employer," without any "supporting facts," the allegations were

5  insufficient to state a joint employer claim).

6       Plaintiff advances a few additional arguments in opposition to the pending motion that

7  also lack merit.  First, plaintiff argues that the pending motion is "inherently flawed" because

8  defendants are only attacking "a portion of Plaintiff's causes of action."  (Doc. No. 14 at 6)

9  (citing *Pointe San Diego Residential Cmty., L.P. v. Procopio, Cory, Hargreaves & Savitch, LLP*,

10  195 Cal. App. 4th 265, 274 (2011)).  This argument is far afield.  Not only does plaintiff

11  erroneously cite California procedural law, but in the pending motion defendants are challenging

12  whether plaintiff can assert *any* of his causes of action against defendants CHC, Viking, and

13  NRMC.  (*See* Doc. No. 11 at 5) (defendants CHC, Viking, and NRM requesting the court to

14  dismiss "the entire action against each of them with prejudice").  Thus, plaintiff misstates the

15  nature of defendants pending motion, which is to test the sufficiency of the FAC as to defendants

16  CHC, Viking, and NRMS.  That is the proper function of a motion for judgment on the pleadings.

17  *See Perez v. Wells Fargo & Co.*, 75 F. Supp. 3d 1184, 1187 (N.D. Cal. 2014) ("A motion for

18  judgment on the pleadings 'challenges the legal sufficiency of the opposing party's pleadings.'").

19       Second, plaintiff argues that "group pleading is not fatal to a complaint if the complaint

20  still gives defendants fair notice of the claims against them."  (Doc. No. 14 at 13) (quoting *Tivoli*

21  *LLC v. Sankey*, No. 8:14-cv-01285-DOC-JCG, 2015 WL 12683801, at *3–4 (C.D. Cal. Feb. 3,

22  2015)). However, plaintiff's reliance on group pleading cases that do not involve allegations of

23  joint employer (or alter ego) liability is misplaced.  *See, e.g.*, *United States ex rel. Anita Silingo v.*

24  *WellPoint, Inc.*, 904 F.3d 667, 677 (9th Cir. 2018) (noting, in the context of Rule 9(b)'s pleading

25  requirements for a qui tam action brought under the federal False Claims Act, that "a complaint

26  need not distinguish between defendants that had the exact same role in a fraud"); *Tivoli*, 2015

27  WL 12683801 at *3–4 (finding that pleading four defendants as a group in a breach of contract

28  and trade secrets action was permissible where the complaint "explain[ed] in sufficient detail

each entity's allegedly culpable conduct").  Although group pleading is permissible in some instances, plaintiff has cited no authority for the proposition that such pleading is permissible when asserting a cause of action based upon joint employer (or alter ego) liability.  *See E.E.O.C. v. La Rana Hawaii, LLC*, 888 F. Supp. 2d 1019, 1046 (D. Haw. 2012) (finding that the plaintiff could not group together defendants in pleading "theory of joint employer liability" under federal law and instead "must allege facts sufficient to [show how each defendant] controlled the terms and conditions" of the plaintiff's employment); *Horton v. NeoStrata Co. Inc.*, No. 3:16-cv-02189-AJB-JLB, 2016 WL 11622008, at *3 (S.D. Cal. Nov. 22, 2016) (rejecting group pleading in the context of conclusory alter ego liability allegations); *Terrell*, 2020 WL 5372107, at *3 (rejecting group pleading of joint employers because the plaintiff's allegations were "entirely devoid of the necessary differentiation between Defendants to determine 'the totality of the working relationship of the parties,'" among other reasons).

Moreover, as discussed elsewhere in this order, plaintiff's assertion that the court must accept his allegations as true and that they provide fair notice of his claim to the named defendants is incorrect.  (Doc. No. 14 at 6, 12–13.)  Fair notice to defendants is not provided with a bare recitation of the elements of a cause of action; fair notice requires some allegations of underlying facts so that defendants can defend themselves effectively.  *See Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).  Likewise, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), such as the ones made by plaintiff here regarding joint employer (and, below, alter ego) liability.  *See id.* at 664 ("While legal conclusions can provide the complaint's framework, they must be supported by factual allegations.").  Thus, even if group pleading could be permissible here, plaintiff's bare legal conclusions that lack any supporting factual allegations do not provide adequate notice to the named defendants.

/////

/////

/////

/////

8

For the above reasons, the court concludes that plaintiff's allegations that there was a joint employer relationship between all four defendants and plaintiff are insufficiently pled.[2]

## B. Failure to Allege Alter Ego Liability

"The alter ego doctrine arises when a plaintiff comes into court claiming that an opposing party is using the corporate form unjustly and in derogation of the plaintiff's interests.  In certain circumstances the court will disregard the corporate entity and will hold the individual shareholders liable for the actions of the corporation[.]"  *Mesler v. Bragg Mgmt. Co.*, 39 Cal. 3d 290, 300 (1985) (internal citations omitted).  "[A]lter ego liability depends on both:  (1) such unity of interest and ownership that the separate personalities of the corporation and the individual no longer exist, and (2) adherence to the fiction of separate existence would, under the circumstances, promote fraud or injustice."  *Ming-Hsiang Kao v. Holiday*, 58 Cal. App. 5th 199, 205 (2020) (internal quotations omitted).  A non-exhaustive list of factors that courts may consider "when deciding unity of interest and whether the fiction of a separate existence would promote fraud and injustice," include:  (i) commingling of funds and other assets; (ii) treatment by an individual of the assets of the corporation as his own; (iii) the failure to maintain adequate corporate record; (iv) sole ownership of all of the stock in a corporation by the members of a family; (v) the use of a corporation as a mere shell, instrumentality or conduit for a single venture or the business of an individual; (vi) the concealment of personal business activities; (vii) the use of the corporate entity to procure labor, services or merchandise for another person or entity; or (viii) the use of a corporation as a subterfuge of illegal transactions.  *Id.* at 206; *see also Greenspan v. LADT, LLC*, 191 Cal. App. 4th 486, 512–13 (2010) (noting that "[t]he alter ego test encompasses a host of factors" and listing fourteen different factors).

"To properly plead an alter ego cause of action, a plaintiff must plead the elements of alter ego and factors in support of those elements."  *Daewoo Elecs. Am. Inc. v. Opta Corp.*, No. 3:13-

---

[2] Defendants agree that plaintiff was employed by defendant Builders.  (Doc. No. 11 at 5) (stating that plaintiff "brings the present action[] . . . against his former employer [defendant] Builders" and that plaintiff "worked for Builders as a driver for approximately two months").  Thus, the court's conclusion that there are insufficient allegations of a joint employer relationship does not have any impact upon the sufficiency of plaintiff's allegations in support of his claims brought against defendant Builders.

1   cv-01247 JSW, 2013 WL 3877596, at *5 (N.D. Cal. July 25, 2013).  However, "[c]onclusory

2   allegations of 'alter ego' status are insufficient to state a claim.  Rather, a plaintiff must allege

3   specifically both of the elements of alter ego liability, as well as facts supporting each." *Neilson*

4   *v. Union Bank of California, N.A.*, 290 F. Supp. 2d 1101, 1116 (C.D. Cal. 2003).

5         The court concludes that plaintiff has not alleged sufficient facts supporting his asserted

6   legal conclusion that all defendants were or are alter egos of each other.[3]  In fact, plaintiff has

7   done nothing more than recite the two elements of alter ego liability without any supporting

8   factual allegations.  (*See* FAC at ¶ 5 (alleging "there has existed a unity of interest and ownership

9   between these Defendants such that any individuality and separateness between the entities has

10   ceased," defendants "are therefore alter egos of each other," and "[a]dherence to the fiction of the

11   separate existence of (sic) would permit an abuse of the corporative privilege, and would promote

12   injustice by protecting . . . [defendants] from liability for the wrongful acts committed by them").)

13   Plaintiff does not even allege any of the factors—let alone facts supporting those factors—that

14   courts are to consider in determining if the two elements of alter ego liability can be established.

15   *See Daewoo*, 2013 WL 3877596, at *5.  Because in opposing the pending motion plaintiff has

16   been unable to identify any other allegations in his FAC that could state the basis for a plausible

17   claim of alter ego liability, the court concludes that plaintiff's alter ego claims as to all four

18   moving defendants are insufficiently pled.  *See Sandoval*, 34 F. Supp. 3d at 1040–141 (dismissing

19   alter ego claims because the plaintiff's alter ego allegations, which were a mere recitation of the

20   elements and some unity of interest factors but without supporting facts, were "too conclusory to

21   survive a motion to dismiss"); *Dakavia Mgmt. Corp. v. Bigelow*, No. 1:20-cv-00448-NONE-

22   SKO, 2022 WL 104245, at *6 (E.D. Cal. Jan. 10, 2022) (finding that even when some factual

23   allegations were sufficient to establish one factor regarding identical ownership it was still

24

25   [3]  Though some courts have discussed the application of Rule 9(b) pleading standards to allegations of alter ego liability, *see, e.g.*, *Wimbledon Fund, SPC v. Graybox, LLC*, No. 2:15-cv-

26   06633-CAS-AJW, 2016 WL 7444709, at *5 (C.D. Cal. Aug. 31, 2016), the court will apply the Rule 8(a) pleading standard here because the parties have not argued otherwise.  (*See* Doc. Nos.

27   11 at 8 (defendants arguing that "[t]o satisfy the pleading requirement set forth in Rule 8(a)(2) . . . ."); 14 at 11 (plaintiff arguing that "each cause of action clearly meets the *Iqbal/Twombly* and

28   FRCP Rule 8 federal pleading standards").)

1    "insufficient to support alter-ego liability").[4]

2          Accordingly, because plaintiff's joint employer and alter ego allegations are insufficiently

3    pled, plaintiff has failed to state any claims against defendants CHC, Viking, and NRMC.

4    Therefore, defendants' motion for judgment on the pleadings will be granted as to those

5    defendants.

6    **C.     Leave to Amend**

7          Having determined that defendants' pending motion will be granted, the court must

8    determine whether plaintiff will be granted leave to file a second amended complaint.

9          Courts have discretion both to grant a motion for judgment on the pleadings with leave to

10   amend or to simply grant dismissal of causes of action rather than grant judgment as to them.

11   *Lonberg v. City of Riverside*, 300 F. Supp. 2d 942, 945 (C.D. Cal. 2004) (citations omitted); *see*

12   *also Pac. W. Grp. v. Real Time Sols., Inc.*, 321 Fed. App'x 566, 569 (9th Cir. 2008).[5]  Generally,

13   dismissal without leave to amend is proper only if it is clear that "the complaint could not be

14   saved by any amendment."  *Intri-Plex Techs. v. Crest Grp.*, 499 F.3d 1048, 1056 (9th Cir. 2007)

15   (citing *In re Daou Sys., Inc.*, 411 F.3d 1006, 1013 (9th Cir. 2005)); *see also Ascon Props., Inc. v.*

16   *Mobil Oil Co.*, 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the

17   amendment of the complaint . . . constitutes an exercise in futility").

18         Although plaintiff requests leave to amend (Doc. No. 14 at 18), defendants argue that

19   plaintiff should not be given a "fourth" attempt to allege sufficient facts to assert claims based

20   upon theories of joint employer and alter ego liability.  (Doc. No. 15 at 8.)  Because plaintiff has

21   not done so already, defendants argue, it would be futile to give plaintiff another opportunity to

22   make sufficient factual allegations.  (*Id.*)

23   /////

24

25   [4]  Because plaintiff does not advance any arguments in opposition to the pending motion as to his
     alter ego based claims different from those presented as to his claims brought under a joint
26   employer theory of liability, the court's analysis of plaintiff's arguments in the context of joint
     employer liability also apply in the context of alter ego liability.

27

28   [5]  Citation to this unpublished Ninth Circuit opinion is appropriate pursuant to Ninth Circuit Rule
     36-3(b).

1       The court is not persuaded by defendants' argument in this regard.  The complaint in this

2   action has only been amended once, and that amendment occurred when the action was pending

3   in state court.  (Doc. No. 1 at ¶ 6.)  Because of the different state and federal court pleading

4   standards, plaintiff should be given an opportunity to remedy the deficiencies identified in this

5   order and to attempt to allege sufficient facts supporting claims against defendants CHC, Viking,

6   and NRMC.  Under these circumstances, the court cannot conclude that the granting of leave to

7   amend would be futile, nor have defendants even asserted that allowing an amendment would be

8   prejudicial, cause undue delay, or that plaintiff has acted in bad faith.  *See California*

9   *Architectural Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1472 (9th Cir. 1987).  Thus,

10  plaintiff will be granted leave to file a second amended complaint if he is able to do so in good

11  faith.  *See* Fed. R. Civ. P. 15(a)(2).

12  **CONCLUSION**

13      Accordingly, defendants' motion for judgment on the pleadings (Doc. No. 11) is granted.

14  Any second amended complaint that plaintiff may elect to file shall be filed within twenty-one

15  (21) days of service of this order.

16  IT IS SO ORDERED.

17      Dated:  __**June 27, 2022**__

18                                   UNITED STATES DISTRICT JUDGE